UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH PERRY, ERIN LANE, SUHAIMA
CHOUDHURY, and AIMEE DOOLING,

         CASE NO. 14-CV-11240 (JCO/MKM)

    Plaintiffs,

         Judge: John Corbett O'Meara

v.

RANDSTAD GENERAL PARTNER (US)
LLC,

    Defendant.
_____/

**PLAINTIFFS' MOTION TO COMPEL ANSWERS TO DISCOVERY AND INCORPORATED SUPPORTING MEMORANDUM**

MOTION TO COMPEL DISCOVERY

Plaintiffs Judith Perry, Erin Lane, Suhaima Choudhury, and Aimee Dooling bring this motion to compel responses to discovery. As the incorporated memorandum makes clear, plaintiffs' discovery is narrowly tailored to the relevant issues in this litigation. Nevertheless, defendant Randstad General Partner (US) LLC has objected to important discovery requests.

Plaintiffs' motion is brought under authority of Fed. R. Civ. P. 37 and Local Rules 7.1 and 37. Pursuant to Local Rule 7.1(a)(2), there was a conference between attorneys in which plaintiffs' counsel explained the

nature of this motion and its legal basis and requested but did not obtain concurrence in the relief sought.

Dated:  September 16, 2014  By: /s/ *Barry S. Fagan*
Barry S. Fagan  (P34275)
Jennifer L. McManus (P65976)
DIB AND FAGAN, P.C.
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@dibandfagan.com
jmcmanus@dibandfagan.com

Robert W. Kelley
John J. Uustal
Jordan Lewis
KELLEY UUSTAL
Courthouse Law Plaza
700 S.E. 3rd Ave., Ste. 300
Fort Lauderdale, FL 33316
(954) 522-6601
rwk@kulaw.com
jju@kulaw.com
jml@kulaw.com

**ATTORNEYS FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH PERRY, ERIN LANE, SUHAIMA
CHOUDHURY, and AIMEE DOOLING,

        CASE NO. 14-CV-11240 (JCO/MKM)

    Plaintiffs,

        Judge: John Corbett O'Meara

v.

RANDSTAD GENERAL PARTNER (US)
LLC,

    Defendant.
_____/

**PLAINTIFFS' INCORPORATED MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

**ATTORNEYS FOR PLAINTIFFS**

Barry S. Fagan  (P34275)
Jennifer L. McManus (P65976)
DIB AND FAGAN, P.C.
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@dibandfagan.com
jmcmanus@dibandfagan.com

Robert W. Kelley
John J. Uustal
Jordan Lewis
KELLEY UUSTAL
Courthouse Law Plaza
700 S.E. 3rd Ave., Ste. 300
Fort Lauderdale, FL 33316
(954) 522-6601
rwk@kulaw.com
jju@kulaw.com
jml@kulaw.com         Dated:  September 16, 2014

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................ ii

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENT ......................................................................................................... 2

    A. Standard of Review................................................................................ 2

    B. Relationship with other Randstad entities................................... 2

        1. The interrogatory and Randstad's objections ..................... 2
        2. Analysis............................................................................................ 4

    C. Organizational charts ........................................................................... 8

        1. The request and Randstad's objection................................... 8
        2. Analysis ........................................................................................... 9

III. CONCLUSION.................................................................................................... 10

# **INDEX OF AUTHORITIES**

**PAGE**

**CASES**:

Carfagno v. Jackson Nat'l Life Ins. Co.,
 2001 WL 34059032 at *4 (W.D. Mich. Feb.13, 2001) .................................................. 9

Clearone Commc'n, Inc. v. Chiang,
 2007 WL 4166137, *4 (D. Utah. Nov.20, 2007) ..........................................................10

*Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*,
 2007 WL 4098727, *1  (E.D. Mich. Nov. 16, 2007) ...................................................... 8

Cunningham v. Standard Fire Ins. Co.,
 2008 WL 2902621, at *2 (D. Colo. July 24, 2008) .......................................................10

Dole v. Elliott Travel & Tours, Inc.,
 942 F.2d 962, 965 (6th Cir.1991) .................................................................................. 5

*Ellington v. City of East Cleveland*,
 689 F.3d 549, 554-55 (6th Cir. 2012) ............................................................................. 6

*Fischer v. United Parcel Service Co.,*
 2006 WL 1046973 *3 (E.D. Mich. April 19, 2006) ....................................................... 2

Hartsock v. Goodyear Tire & Rubber Co.,
 2014 WL 51237, *3–4 (D.S.C. Jan.7, 2014) .................................................................10

 *Hill v. Asset Acceptance, LLC*,
 2014 WL 3014945, *15 (S.D. Cal. July 3, 2014) ........................................................... 9

Impact, LLC v. United Rentals, Inc.,
 2009 WL 413713, *9 (E.D. Ark. Feb.18, 2009) ...........................................................10

*McLaughlin v. Intrepid Holdings, Inc.,*
 2008 WL 4692386, *2 (S.D. Tex. Oct. 22, 2008 ........................................................... 6

McLaughlin v. Seafood, Inc.,
 867 F.2d 875, 877 (5th Cir.1989) .................................................................................. 5

*MedCity Rehabilitation Services, LLC v. State Farm Mut. Auto. Ins. Co.*,
 2013 WL 4029051, *2 (E.D. Mich.2013) ............................................................................ 2

*PML North America L.L.C. v. Worldwide Servs., Inc.*,
 2008 WL 1809133, *1 (E.D. Mich. April 21, 2008) ......................................................... 9

Solis v. Laurelbrook Sanitarium & Sch. Inc.,
 642 F.3d 518, 522 (6th Cir.2011) ...................................................................................... 6

Stambler v. Amazon.com, Inc.,
 2011 WL 10538668, at *8 (E.D. Tex. May 23, 2011) ..................................................10

Walker v. Lakewood Condominium Owners Ass'n,
 186 F.R.D. 584, 587 (C.D. Cal.1999) ................................................................................ 9

U.S. v. Leggett & Platt, Inc.,
 542 F.2d 655, 657 (6th Cir.1976) ...................................................................................... 2

**OTHER AUTHORITY**:

29 C.F.R. § 791.2(a) .................................................................................................................... 5

29 U.S.C. §§ 203(a), (d) ............................................................................................................. 5

29 U.S.C. § 203(d) ....................................................................................................................... 5

29 U.S.C. § 207(a) (1)................................................................................................................. 5

**PLAINTIFFS' INCORPORATED MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

## I.   INTRODUCTION

This is an employee misclassification case. All four plaintiffs worked for defendant Randstad General Partner (US) LLC in various capacities – and with a variety of job titles. All were subject to a highly-regulated style of management whose centerpiece was a 100-point metrics worksheet that assigned "points" for various job tasks. Plaintiffs, and all others similarly situated, were required to "score" 100 points a week; failure to do so more than a couple of weeks in a row, regardless of circumstance, could result in termination.

Notwithstanding this micro-managed style of oversight, Randstad classified these employees as exempt from federal overtime law. Plaintiffs contend that this misclassification was incorrect, and that they are entitled to overtime, at the legally required rate of time-and-a-half, for the hours they worked over 40. Plaintiffs have brought their single-claim lawsuit under the FLSA, and have styled this case as a collective action. Their motion to seek conditional certification of the class is due Oct. 31.

This is a discovery motion. On June 18, 2014, plaintiffs served their first Request for Admissions and Related Interrogatories and Related Requests for

Production of Documents. Randstad answered these requests on August 6, 2014.[1] The parties have been able to work through all but two of the issues raised by Randstad's responses, which results in the filing of this motion.

## II. ARGUMENT

### A. Standard of review

" 'The Federal Rules of Civil Procedure authorize extremely broad discovery.' "[2]  As this Court has previously ruled,

> The Federal Rules of Civil Procedure authorize extremely broad discovery. U.S. v. Leggett & Platt, Inc., 542 F.2d 655, 657 (6th Cir.1976). Under FRCP 26(b)(1) a party is entitled to discovery of any matter that is relevant, nonprivileged, and, even if not admissible at trial, "appears reasonably calculated to lead to the discovery of admissible evidence." Relevance is defined very broadly for discovery purposes. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 12 ("[T]he court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation.") (citation omitted).[3]

### B. Relationship with other Randstad entities

#### 1. *The interrogatory and Randstad's objections*

Plaintiffs' first interrogatory seeks information concerning the

---

[1] **Lewis Decl., Ex. 1.**
[2] *MedCity Rehabilitation Services, LLC v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 4029051, *2 (E.D. Mich.2013).
[3] *Fischer v. United Parcel Service Co.,* 2006 WL 1046973 *3 (E.D. Mich. April 19, 2006).

corporate relationship between the named defendant – Randstad – and certain other Randstad entities. Under the FLSA, entities other than the named defendant may be liable to the plaintiffs for unpaid overtime wages. Plaintiffs cannot establish the existence of those entities or extent of their liability except through discovery.

Plaintiffs' interrogatory reads as follows:

**1.** Explain in detail the relationship between *you* and the following entities:
   a. Randstad US (L.P.)
   b. Ranstad Horizons, L.P.
   c. Randstad Inhouse Services, L.P.
   d. Accountants International, L.P.
   e. B2B Workforce
   f. Clinical One
   g. Compliance L.P.
   h. DB Concepts
   i. Delta Pharma
   j. Human Resources International
   k. Locum Medical Group
   l. OPIS
   m. Placement Pros, L.P.
   n. Randstad Managed Services
   o. Randstad Professionals US, L.P.
   p. Sapphire Technologies, L.P.
   q. Think Resources, L.P.

**ANSWER:**
In addition to the General Objections, Defendant objects to Interrogatory No. 2 on the grounds that the term "relationship" is vague and ambiguous. Defendant further objects to Interrogatory No. 2 on the grounds that it is overly broad, unlimited in time, and unduly burdensome. Responding further, Defendant objects to

3

Interrogatory No. 2 because the only defendant in this litigation is Randstad General Partner (US) LLC and Plaintiffs worked only for Randstad General Partner (US) LLC during the relevant time frame. To the extent the Interrogatory seeks information regarding entities other than Defendant or entities other than those for which Plaintiffs worked during the relevant time frame, it seeks information not relevant to the claims asserted in this case and constitutes an unreasonable fishing expedition.[4]

### 2. *Analysis*

There are, at minimum, three reasons why the sought information is properly discoverable here.

*First*, the identified entities fit within the Complaint's definition of Randstad and thus are properly includable, even applying Randstad's improper limitation to "entities … for which Plaintiffs worked during the relevant time frame…" The Complaint, at ¶ 11, defines Randstad as "Randstad" refers to "the named defendant and all successor, predecessor, related, parent and subsidiary entities to which these allegations pertain." All of the listed entities fall within that definition. This definition is structured in this manner because until complete discovery can be conducted, it is unclear which of the many Randstad entities ultimately maintained control over decisions regarding plaintiffs' FLSA status and non-payment of overtime wages.

---

[4] **Lewis Decl., Ex. 1.**

*Second*, while Randstad doesn't concede as much, this is an FLSA overtime case where the "employer" – as defined by the FLSA statute – is liable if plaintiffs prevail. An "employer" as defined by the FLSA is broader than those entities for whom plaintiffs worked.

The FLSA creates liability for any "employer" who violates its terms.[5] Under the FLSA, an "employer" is defined broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."[6] The FLSA's definition of "employer" may apply to "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons,"[7] and the Department of Labor regulations state that an individual may be employed by more than one employer.[8]

The 6th Circuit has developed an "economic realities" test to determine whether an entity fits as an FLSA employer:

> The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). " 'The remedial purposes of the FLSA require the courts to define "employer" more broadly than the term would be interpreted in traditional common law applications.' " *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir.1991) (quoting *McLaughlin v. Seafood, Inc.*,

---

[5] 29 U.S.C. § 207(a)(1).
[6] 29 U.S.C. § 203(d).
[7] 29 U.S.C. §§ 203(a), (d).
[8] 29 C.F.R. § 791.2(a).

> 867 F.2d 875, 877 (5th Cir.1989) (per curiam)). In other words, the employment relationship determination "is not fixed by labels that parties may attach to their relationship nor by common law categories nor by classifications under other statutes." *Powell,* 339 U.S. at 528, 70 S.Ct. 755. Instead, the "economic reality" of the relationship between a plaintiff and a defendant "determines whether their relationship is one of employment." *Solis v. Laurelbrook Sanitarium & Sch. Inc.,* 642 F.3d 518, 522 (6th Cir.2011) (citing *Alamo,* 471 U.S. at 301, 105 S.Ct. 1953).**9**

Ultimately, some of the entities for whom plaintiffs seek an explanation might not qualify as an FLSA employer. But that determination will come *after* the Court applies the economic realities test, and not as a result of Randstad's unilateral withholding of the requested documents.**10**

*Third,* the entities about whom plaintiffs seek an explanation are an issue raised by Randstad, not plaintiffs. The names come from an earlier, yet parallel, lawsuit filed in California. Like this lawsuit, the California case sought payment of overtime wages, but was premised entirely on California law and involved only Randstad's California employees.

---

**9** *Ellington v. City of East Cleveland*, 689 F.3d 549, 554-55 (6th Cir. 2012).
**10** *E.g., McLaughlin v. Intrepid Holdings, Inc.,* 2008 WL 4692386, *2 (S.D. Tex. Oct. 22, 2008)("Although the Court has accepted all of the allegations in the complaint as true, the Court cannot adequately ascertain which of the Defendants is an 'employer' as that term is defined under the FLSA. The Court finds that additional discovery on this issue, specifically on the Defendants' relationships with one another, as well as their relationships with the Plaintiffs, should be conducted.").

The case was tentatively settled in 2012[11] for $4.9 million; the settlement was finally approved on September 30, 2013.[12] The California class was defined as "Account Managers and Recruiters," which included – according to the settlement documents filed by the parties on behalf of the settlement – the following job titles:

> "Staffing Consultants, Agents, Staffing Agents, Business Development Consultants, Executive Consulting Managers, Project Executives, Staffing Managers, Recruiting Managers/Executives, Account Executives, Assistant Branch Managers, Associates, Coordinators, Client Delivery Managers, Project Executives, and Sales Managers."[13]

The same notice identified the Randstad entities that employed these persons as follows:

> "Randstad Professionals US, LP., Accountants International, L.P., B2B Workforce, L.P., Clinical One, Compliance L.P., DB Concepts, Delta Pharma, L.P., Human Resources International, Locum Medical Group, Think Resources, L.P., and Randstad Technologies, LP, Placement Pros, LP and Randstad Managed Services, LP."[14]

It is, by and large, these entities about whom plaintiffs seek explanation.

Randstad's "rationale" opposing the requested explanation is meritless. It fails to concede: (a) the definition of Randstad in the Complaint, (b) the

---

[11] **Lewis Decl., Ex. 2.**
[12] *Id.* **at Ex. 3.**
[13] *Id.* **at Ex. 2, at p. 54.**
[14] *Id.*

7

FLSA's definition of "employer" and (c) its own identification of the entities in the parallel California litigation. Instead, it relies on the predicable assortment of boilerplate objections that have no currency in this Court: "[T]he responses and objections were of the boilerplate nature as noted in this Court's previous Order. Such objections are tantamount to no objection at all."[15]

The Court should find that Randstad has waived its objections and order that it immediately answer the interrogatory.

## C. Organizational charts

### 1. *The request and Randstad's objection*

Plaintiffs also asked for copies of Randstad's organizational charts in effect during the relevant period (which Randstad itself concedes begins three years before the commencement of this action). In plaintiffs' experience, this sort of request is common; it saves both parties time and expense identifying correct witnesses.

Here is the request and Randstad's response:

> **7.** Produce all organizational charts in effect at any time between the date of *your* answer and three years before the commencement of this action.

---

[15] *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 2007 WL 4098727, *1 (E.D. Mich. Nov. 16, 2007).

8

**RESPONSE:**
Defendant objects to request No. 7 on the ground that "organizational charts" is vague, ambiguous, and undefined. Defendant objects to Request No. 7 on the grounds that it is overly broad, unduly burdensome, and calls for information that is neither relevant nor reasonably likely to the causes of action alleged in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence.[16]

### 2.   *Analysis*

To start with, Randstad's objection here continues its practice of leveling boilerplate objections. Under the law as recognized by this Court, "The filing of boilerplate objections such as these is tantamount to filing no objections at all."[17]

Moreover, it is well established that (a) organizational charts are discoverable (b) are relevant and are reasonably calculated to lead to the discovery of admissible evidence as they aid in the identification of witnesses and (c) that objections such as the type Randstad interposes are meritless.[18]

---

[16] **Lewis Aff., Ex. 1.**
[17] *PML North America L.L.C. v. Worldwide Servs., Inc.,* 2008 WL 1809133, *1 (E.D. Mich. April 21, 2008)(citing *Walker v. Lakewood Condominium Owners Ass'n,* 186 F.R.D. 584, 587 (C.D. Cal.1999); *see Carfagno v. Jackson Nat'l Life Ins. Co.,* 2001 WL 34059032 at *4 (W.D. Mich. Feb.13, 2001) ("The court strongly condemns the practice of asserting boilerplate objections to every discovery request.")).
[18] *E.g., Hill v. Asset Acceptance, LLC*, 2014 WL 3014945, *15 (S.D. Cal. July 3, 2014)(ordering production of organizational charts, concluding "[t]he Court finds that the request is relevant, appropriate, and contrary to Defendant's

The question here is not close. Randstad's objections should be stricken and it should be ordered to fully respond to plaintiffs' request.

### III.  CONCLUSION

Randstad's objections to discovery are meritless. The Court should find that plaintiffs' entitlement to the broad discovery afforded to them pursuant to the Federal Rules of Civil Procedure entitle them to the requested interrogatory response and document production.  The Court should further find that Randstad's objections are waived and order that it answer, fully and completely, the two contested questions. Further, because the issues are not close, the Court should require that Randstad pay plaintiffs' reasonable attorneys' fees and costs incurred in bringing this motion.

---

assertion, is not 'vague.' "); *Hartsock v. Goodyear Tire & Rubber Co.,* 2014 WL 51237, *3–4 (D.S.C. Jan.7, 2014) (finding no error with the magistrate's judge's Order compelling production of six organizational charts and finding the charts to be necessary for discovering potential witnesses where defendant failed to show that the request was over broad and unduly burdensome) (citing *Stambler v. Amazon.com, Inc.,* 2011 WL 10538668, at *8 (E.D. Tex. May 23, 2011) (finding relevant, and compelling production of, organizational charts for multiple departments)) and *Cunningham v. Standard Fire Ins. Co.,* 2008 WL 2902621, at *2 (D. Colo. July 24, 2008) (permitting discovery of organizational charts beyond just the claims department at issue)); *see also Impact, LLC v. United Rentals, Inc.,* 2009 WL 413713, *9 (E.D. Ark. Feb.18, 2009) (granting request for production of current non-privileged organizational charts); *Clearone Commc'n, Inc. v. Chiang,* 2007 WL 4166137, *4 (D. Utah. Nov.20, 2007) (granting request for production of documents sufficient to show the organizational structure of defendant).

| | |
|---|---|
| Dated:  September 16, 2014 | By: /s/ *Barry S. Fagan* |

Barry S. Fagan  (P34275)
Jennifer L. McManus (P65976)
DIB AND FAGAN, P.C.
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@dibandfagan.com
jmcmanus@dibandfagan.com

Robert W. Kelley
John J. Uustal
Jordan Lewis
KELLEY UUSTAL
Courthouse Law Plaza
700 S.E. 3rd Ave., Ste. 300
Fort Lauderdale, FL 33316
(954) 522-6601
rwk@kulaw.com
jju@kulaw.com
jml@kulaw.com

**ATTORNEYS FOR PLAINTIFFS**

**PROOF OF SERVICE**

I hereby certify that on September 16, 2014, I electronically filed:

**PLAINTIFFS' MOTION TO COMPEL ANSWERS TO DISCOVERY AND INCORPORATED SUPPORTING MEMORANDUM**

with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

- **Matthew Cameron**
  mcameron@morganrothlaw.com

11

- **Jordan M Lewis**
  jml@kulaw.com

- **Gerald L. Maatman , Jr**
  gmaatman@seyfarth.com

- **Jeffrey B. Morganroth**
  jmorganroth@morganrothlaw.com,dantovski@morganrothlaw.com,blaurens@morganrothlaw.com,shall@morganrothlaw.com

- **Natascha B. Riesco**
  nriesco@seyfarth.com,chidocket@seyfarth.com,cbryant@seyfarth.com

- **Jennifer A. Riley**
  jriley@seyfarth.com,mgruzlewski@seyfarth.com,chidocket@seyfarth.com

- **Alexis P Robertson**
  arobertson@seyfarth.com,chidocket@seyfarth.com,smcmillan@seyfarth.com

and I hereby certify that I have mailed by United States Postal Service the papers to the following non-ECF participants:

___(none)___.

        Respectfully submitted,

        DIB AND FAGAN, P.C.

        By: /s/ *Barry S. Fagan*
        Barry S. Fagan  (P34275)
        Attorney for Plaintiff
        25892 Woodward Avenue
        Royal Oak, MI  48067-0910
        (248) 542-6300

Dated:  September 16, 2014        bfagan@dibandfagan.com