UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH PERRY, ERIN LANE,
SUHAIMA CHOUDHURY, and
AIMEE DOOLING,

    Plaintiffs,                              Case No. 14-11240

v.                                           John Corbett O'Meara

RANDSTAD GENERAL PARTNER
(US) LLC,

    Defendant.
_____/

## OPINION AND ORDER

Before the court are Plaintiffs' motion for conditional certification, Plaintiffs' motion to strike declarations, and Defendant's motion for summary judgment. The court heard oral argument on April 23, 2015, and took the matter under advisement. For the reasons explained below, Defendant's motion is granted in part and denied in part, and Plaintiffs' motions are denied.

## BACKGROUND FACTS

Plaintiffs claim that they were mis-classified as exempt from the overtime requirements of the Fair Labor Standards Act by their former employer, Randstad

General Partner, LLC.  Randstad is a staffing company that recruits employees for its clients.  Plaintiffs Judith Perry, Erin Lane, Aimee Dooling, and Suhaima Choudhury worked for Randstad at its branch in Troy, Michigan, which focuses on recruiting and placing temporary employees in various office and administrative positions.

During their employment with Randstad, Plaintiffs worked in several positions: Lane was an Assistant Branch Manager; Lane and Dooling were Account Managers/Senior Account Managers; Perry and Dooling were Staffing Consultants; Perry was a Senior Staffing Consultant; and Choudhury was a Talent Acquisition Specialist.  Their base pay ranged from $32,000 to $48,125, and they were also eligible for commissions and bonuses.  All of the Plaintiffs, except Choudhury, were classified as exempt.  Choudhury was classified as non-exempt, but contends that no one ever informed her of this or permitted her to claim overtime hours.

### A.     Account Manager/Senior Account Manager

Lane and Dooling were Account Managers and Lane became a Senior Account Manager.  Account Managers and Senior Account Managers were responsible for recruiting and managing employees for Randstad's national clients.  The clients communicated their staffing needs to the Account Managers, who

recruited, interviewed, and placed temporary employees with those clients. Account Managers emphasized finding the candidates who were the best "fit" for a particular position and client. In addition to recruiting, Account Managers handled the hiring and management of the employees they placed, including addressing any client concerns about "fit," and coaching, counseling, and disciplining the employees.

### B. Assistant Branch Manager

Lane served as an Assistant Branch Manager, where she "managed all sales, recruiting and profitability initiatives with the branch," and "monitored and developed a sales team of three and a recruiting team of two." Def.'s Ex. C at 153-54. Everyone in the branch reported directly to Lane. Id. at 72. Although Lane did not have the authority to hire or fire employees at the branch, she could make recommendations, which would be given considerable weight. Id. 74-75.

### C. Staffing Consultant/Senior Staffing Consultant

Perry and Dooling were Staffing Consultants and Perry became a Senior Staffing Consultant. (Perry did not believe her duties were altered as a result of this change.) Staffing Consultants were responsible for finding and servicing new clients, servicing existing clients, and recruiting and interviewing candidates. Their duties were a mix of sales and recruiting. Their recruiting duties were

similar to those performed by Account Managers: sourcing candidates, screening candidates by phone, interviewing, and assessing the "best fit" for the client.

### D. Talent Acquisition Specialists

Choudhury is in a different position than the other Plaintiffs, in that she was not mis-classified. Choudhury was a Talent Acquisition Specialist. In that position, she recruited and screened candidates, conducted reference checks, and administered assessments to candidates. Randstad classified Talent Acquisition Specialists as non-exempt. Choudhury contends that she was initially offered a position as a exempt employee (Staffing Consultant), but that upon her arrival she was identified as a Talent Acquisition Specialist. Choudhury "assumed" the Talent Acquisition Specialist position was also salaried and exempt. She contends that she was not permitted to record overtime hours.

### E. Randstad's Work Planning Index

Plaintiffs main complaint is that their discretion was constrained by Randstad's Work Planning Index ("WPI"). The WPI is a measure of an employee's productivity: it assigns a certain point value to various tasks. Plaintiffs claim that they were required to complete certain tasks to add up to a 100 points each week, and that it was "impossible" to complete the required 100 points in forty hours per week.

## LAW AND ANALYSIS

### I. Defendant's Motion for Summary Judgment

#### A. Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

An employer's entitlement to an exemption under the FLSA is an affirmative defense. See Renfro v. Indiana Michigan Power Co., 497 F.3d 573, 576 (6th Cir. 2007). Contrary to Plaintiffs' argument, the employer is not subject to a heightened evidentiary burden in establishing its affirmative defense; rather, Defendant has the burden of establishing the elements of the exemption "by a preponderance of the evidence." Id.

Plaintiffs contend that summary judgment is premature because they require additional discovery. Based upon Plaintiffs' own testimony and admissions regarding their job duties, however, the court finds this matter ripe for summary judgment consideration.

**B.     FLSA Administrative Exemption**

Defendant primarily argues that Plaintiffs were covered by the administrative exemption to the FLSA's overtime requirements. To meet this exemption, the employee (1) must be compensated on a salary basis of at least $455 per week; (2) her primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) her primary duty "includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). The parties agree that the first two elements of the test are met. At issue is the third, which requires the employee to exercise discretion and judgment. "In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a).

In classifying Plaintiffs as exempt, Defendant contends that it relied upon a Department of Labor opinion letter dated October 25, 2005. See Def.'s Ex. A (Decl. of James P. Ferguson, Jr.) at ¶¶ 10-11; Def.'s Ex. G (opinion letters from Defendant's counsel); DOL Op. Ltr. FLSA2005-45, 2005 WL 3308616 (Oct. 25, 2005). In the letter, the DOL determined that Staffing Managers at a temporary

staffing agency qualified for the exemption. These Staffing Managers recruited, hired, and managed the temporary labor pool for their clients.

> Whether a Staffing Manager exercises discretion and independent judgment within the meaning of the regulations would depend, to a great extent, on the amount of selectivity exercised in matching persons seeking employment with the requirements of the job opening and in deciding which employee to send to any particular employer for consideration, as opposed to referring to the employer several prospects who generally meet the qualifications for the job. It appears that Staffing Managers who recruit; interview; hire and recommend placement of employees to particular assignments; manage the client's temporary labor pool; provide advice on personnel issues; handle complaints; resolve grievances; and terminate employees on behalf of the client's management, exercise the requisite discretion and independent judgment with respect to matters of significance.

Id.

Courts have found recruiters for staffing agencies, who perform duties similar to those performed by Plaintiffs, to qualify for the administrative exemption. See Andrade v. Aerotek, Inc., 700 F. Supp.2d 738 (D. Md. 2010) (although recruiter "did not have the power to make ultimate employment decisions for Aerotek's clients, the record shows that she exercised considerable discretion with regard to the selection of candidates to be sent to the client's hiring manager for approval"); Quintiliani v. Concentric Healthcare Solutions, LLC, 944

F. Supp.2d 738 (D. Ariz. 2013) (finding staffing coordinator's duties to involve discretion where staffing coordinator placed nurses and attempted to find the "best fit" for the client); Hudkins v. Maxim Healthcare Servs., Inc., 39 F. Supp.2d 1349 (M.D. Fla. 1998) (finding recruiter of nurses to exercise discretion and independent judgment).

Here, the record shows that Plaintiffs exercised discretion and independent judgment in performing their recruiting and placement duties. Their main focus was to make the determination whether a candidate would be the best "fit" for a position and client. See Dooling Dep. at 113-19; Perry Dep. at 151-58; Lane Dep. 40, 119-23, 129-30, 132-33. They had authority to assess candidates and whether to present certain candidates to the client. They worked on "building relationships" with clients, resolving issues between the clients and candidates, and coaching candidates about meeting the client's expectations. See Dooling Dep. at 77-80, 83, 164; Perry Dep. at 160-61; Lane Dep. at 137-40.

Plaintiffs argue that they did not exercise the requisite discretion and independent judgment because they were "micromanaged" and constrained by Randstad's Work Planning Index. "To determine whether an employee, constrained by guidelines and procedures, actually exercises any discretion or independent judgment, we consider whether those guidelines and procedures

contemplate independent judgment calls or allow for deviations." Renfro v. Indiana Michigan Power Co., 497 F.3d 573, 577 (6th Cir. 2007). See also Henry v. Quicken Loans, Inc., 698 F.3d 897, 900-901 (6th Cir. 2012) ("That Quicken used various methods to channel the mortgage bankers' discretion does not eliminate the existence of that discretion.").

Plaintiffs make much of the WPI, but this framework merely requires certain tasks to be done each week and assigns each task a point value. See Pl.'s Ex. F. The WPI is a spreadsheet – it is a method for *tracking* the completion of tasks, but it does not bear upon *how* the employee completes those tasks. Id. The record does not support Plaintiffs' characterization of the WPI as a method to control or eliminate their discretion in performing their duties.

Ultimately, although Plaintiffs attempt to characterize their discretion as minimal, the record is clear that they performed inherently discretionary tasks, such as finding the candidates who are the "best fit" for the client and resolving issues when candidates did not perform as expected. Plaintiffs do not persuasively distinguish either the DOL opinion letter or the relevant case law regarding recruiters/staffing agencies. The court finds that the Plaintiffs who worked as Account Managers, Assistant Branch Managers, and Staffing Consultants qualify

for the administrative exemption.[1]

### C. FLSA Good Faith Defense

Alternatively, if these positions do not qualify for the administrative exemption, the court finds that Randstad is entitled to the application of the good faith defense. The Portal-to-Portal Act provides a complete defense to liability under the FLSA for failure to pay overtime where the employer's actions were taken "in good faith, in conformity with, and in reliance on any written administrative regulation, order, ruling, approval or interpretation" of the Administrator of the Wage and Hour Division of the DOL. 29 U.S.C. § 259. The Sixth Circuit has noted that "courts should be hesitant to impose retroactive minimum wage liability on employers in the face of an administrative interpretation which the employer could plausibly interpret as insulating him from liability." Marshall v. Baptist Hosp., 668 F.2d 234, 238 (6th Cir. 1981). See also Henry v. Quicken Loans, Inc., 2009 WL 3199788 at *13 (E.D. Mich. Sept. 30, 2009) (granting summary judgment in favor of employer based upon employer's undisputed reliance on DOL opinion letter).

Here, the record shows that Defendant relied upon the 2005 Opinion Letter

---

[1] Defendant also argues, and Plaintiffs do not dispute, that Plaintiff Lane qualified for the executive exemption as an Assistant Branch Manager. See Def.'s Br. at 19-20.

from the DOL in classifying Plaintiffs as exempt. Plaintiffs have not disputed that Defendant actually relied upon the Opinion Letter, nor have Plaintiffs distinguished their duties from those of the recruiters referenced in the Opinion Letter. Indeed, Plaintiffs' duties are sufficiently similar to those described in the Opinion Letter so as to make Defendant's reliance on the Opinion Letter reasonable. Plaintiffs have not identified an issue of fact with respect to Defendant's good faith reliance on the Opinion Letter. Accordingly, Randstad is entitled to the application of the good faith defense to the exempt Plaintiffs' claims.

### D. Choudhury's Claim

Choudhury's claim is different because she was not arguably mis-classified as exempt. Choudhury contends that, despite being classified as non-exempt, she was neither informed of her non-exempt status nor permitted to seek overtime pay. Defendant argues that Choudhury is not entitled to overtime pay because she did not record overtime hours. Choudhury's failure to record overtime hours in accordance with her employer's alleged instructions not to do so, however, is not fatal to her claim. See Kuebel v. Black & Decker, Inc., 643 F.3d 352, 362 (2d Cir. 2011) ("[O]nce an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation simply because the employee

failed to properly record or claim his overtime hours.").

Defendant contends that Choudhury is not entitled to overtime pay because she performed exempt work. The record does not reflect that Choudhury performed her duties with the same level of discretion and independent judgment as the exempt Plaintiffs. See Choudhury Dep. at 31. Moreover, Defendant itself classified Choudhury as non-exempt. Accordingly, there is an issue of fact as to whether Choudhury is entitled to overtime pay and summary judgment is not appropriate.

## II. Plaintiffs' Motion for Conditional Certification

In light of the court's ruling on Defendant's summary judgment motion, Plaintiffs' motion for conditional certification is largely moot. Without a viable claim, the exempt Plaintiffs cannot represent others whom they allege are similarly situated. White v. Baptist Mem'l Health Care Corp., 699 F.3d 869, 877-78 (6th Cir. 2012).

The court will consider, however, whether conditional certification is appropriate as to the claim presented by Choudhury. Under the FLSA, an employee may bring suit on behalf of herself and any other "similarly situated" individuals. See id.; Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006). Section 216(b) of the FLSA establishes two requirements for a

representative action: 1) the plaintiffs must actually be "similarly situated," and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action. Id.; 29 U.S.C. § 216(b).

Certification of an FLSA action generally proceeds in two phases; the first at the beginning of discovery, and the second at the completion of discovery. See Comer, 454 F.3d at 546. The first stage involves conditionally certifying a class for notice purposes, so that potential plaintiffs have the opportunity to opt in. Id. At this stage, certification is "conditional and by no means final." Id. (citation omitted). "This initial standard is fairly lenient, and in order to meet this standard, Plaintiffs must simply submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exists." Olivo v. GMAC Mortgage Corp., 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004) (internal quotations omitted). "[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or conduct in conformity with that policy proves a violation as to all the plaintiffs." O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 584 (6th Cir. 2009). However, a "unified policy" is not required; a collective action may be appropriate when claims are "unified by common theories of . . . statutory violations, even if the proofs of these theories are inevitably individualized and distinct." Id. at 585.

In this case, the parties have conducted some discovery, perhaps making a "heightened" or "more restrictive" standard for conditional certification appropriate. See Lankford v. CWL Investments, 2014 WL 3956184 at *3; Comer, 454 F.3d at 546 ("At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated."). Nonetheless, even under the relatively lenient standard, Plaintiffs have not demonstrated that conditional certification is appropriate as to the claim brought by Choudhury. Plaintiffs have not alleged facts suggesting that there are any other employees similarly situated to Choudhury (classified as non-exempt, but not permitted to seek overtime) or that Randstad has a policy or practice of denying non-exempt employees overtime. Accordingly, the court will deny Plaintiffs' motion for conditional certification.

### III.  Plaintiffs' Motion to Strike Declarations of Undisclosed Witnesses

Plaintiffs seek to strike declarations of undisclosed witnesses that Defendant attached to its response to the motion for conditional certification. Given that the court has not considered these declarations in its analysis, this motion is moot. Moreover, the court finds no basis to strike undisclosed witnesses at this stage of the proceedings, where the discovery period is ongoing until August 2015.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Plaintiffs' motion for conditional certification and motion to strike are DENIED.

                                                        s/John Corbett O'Meara
                                                        United States District Judge

Date:  May 12, 2015


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 12, 2015, using the ECF system.

                                                        s/William Barkholz
                                                        Case Manager