UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH PERRY, ERIN LANE,
SUHAIMA CHOUDHURY, and
AIMEE DOOLING,

    Plaintiffs,                                  Case No. 14-11240

v.                                                John Corbett O'Meara

RANDSTAD GENERAL PARTNER
(US) LLC,

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT

Before the court is Plaintiffs' motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b). The court granted summary judgment in favor of Defendants on most of Plaintiffs' claims, which alleged that Plaintiffs were mis-classified under the Fair Labor Standards Act ("FLSA"). In granting summary judgment, the court determined that Plaintiffs Judith Perry, Erin Lane, and Aimee Dooling exercised discretion and independent judgment in their jobs and that they qualified for the administrative exemption under the FLSA. The court also found that, even if Plaintiffs did not qualify for the administrative

exemption, the good faith defense applied, because Defendant relied upon a Department of Labor opinion letter in classifying Plaintiffs as exempt.

Plaintiffs contend that they are entitled to relief from judgment under Rule 60(b)(2) on the grounds of newly discovered evidence. In order to prevail on a Rule 60(b)(2) motion, the movant must demonstrate that it exercised due diligence in obtaining the new evidence and that "the evidence is material and controlling and clearly would have produced a different result." Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998) (citation omitted).

Plaintiffs argue that their new evidence – "stack reports" – warrants relief from judgment. According to Plaintiffs, the stack reports show that Randstad used metrics to "rank branch offices, and . . . rank employees, by various periods and through various measures." Pls.' Br. at 6. The court's consideration of this evidence would not have produced a different result. Randstad's alleged ranking of employees, or the requirement that employees complete a certain number of "points" or tasks is not inconsistent with those employees using independent judgment and discretion in how they complete their work. The court found, based upon Plaintiffs' own testimony, that they exercised independent judgment and discretion. The court further found the good faith defense to be applicable. Plaintiff's newly discovered evidence is not material to those findings.

Therefore, IT IS HEREBY ORDERED that Plaintiffs' motion for relief from judgment is DENIED.

s/John Corbett O'Meara<br>United States District Judge

Date:  October 13, 2015


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 13, 2015, using the ECF system.

s/William Barkholz<br>Case Manager