# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JUDITH PERRY, ERIN LANE, SUHAIMA CHOUDHURY and AIMEE DOOLING, <br><br>                    Plaintiffs, <br><br>   v. <br><br> RANDSTAD GENERAL PARTNER (US) LLC, <br><br>                    Defendant. | Case No. 5:14-cv-11240-JCO-MKM <br><br> Judge John Corbett O'Meara <br> Magistrate Judge Mona K. Majzoub |
| Jeffrey B. Morganroth <br> MORGANROTH & MORGANROTH, PLLC <br> Attorneys At Law <br> 344 North Old Woodward Avenue <br> Suite 200 <br> Birmingham, Michigan  48009-5310 <br> (248) 864-4000 (Phone) <br> (248) 864-4001 (Fax) | Gerald L. Maatman, Jr. <br> Jennifer A. Riley <br> SEYFARTH SHAW LLP <br> 131 South Dearborn Street, Suite 2400 <br> Chicago, Illinois  60603 <br> Telephone:  (312) 460-5000 <br> Facsimile:  (312) 460-7000 <br><br> Attorneys for Defendant |

## DEFENDANT'S MOTION TO REVIEW ACTION OF TAXATION CLERK

Defendant Randstad General Partner (US) LLC ("Defendant"), by its attorneys and pursuant to Fed. R. Civ. P. 54(d)(2) and L.R. 54.1, hereby requests that this Court review the Taxation Clerk's Taxed Bill of Cost (ECF No. 109) and issue an order directing the Taxation Clerk to award Defendant costs in the amount of $8,596.65.

The overwhelming majority of the costs that Defendant seeks to recover relate to the depositions of the four named plaintiffs and two 30(b)(6) corporate representatives of Defendant. Defendant seeks court reporter costs only for deposition transcripts that Defendant filed in support of Defendant's Motion for Summary Judgment, which directly resulted in judgment for Defendant in this matter. The Taxation Clerk rejected Defendant's Bill of Costs, finding that Defendant had not submitted documentation showing "how the corresponding deposition transcripts were used." (ECF No. 109, at 2.) However, Defendant's supporting documentation in fact included excerpts of each deposition transcript that Defendant had previously filed in support of its Motion for Summary Judgment, which is plainly sufficient support for court reporter fees under the Bill of Costs Handbook. Defendant nevertheless timely filed an Amended Bill of Costs providing additional documentary support and page numbers reflecting Defendant's necessary use of the transcripts, but the Taxation Court declined to review Defendant's amended submission.

Because Defendant has sought only taxable costs that were necessarily incurred in defense of this matter and has already provided more documentation than required, the Court should direct the Taxation Clerk to order taxation of the fees requested. In support of this Motion, Defendant hereby states as follows:

1.      On December 1, 2014, Defendant filed a Motion for Summary Judgment seeking summary judgment on the individual claims of Plaintiffs Judith Perry, Erin Lane, Aimee Dooling, and Suhaima Choudhury.  (ECF No. 54.)  On that date, Defendant also filed a Response in Opposition to Plaintiffs' Motion for Conditional Certification.  (ECF No. 56.)

2.      On May 12, 2015, the Court issued an Opinion and Order granting in part and denying in part Defendant's Motion for Summary Judgment and denying Plaintiffs' Motion to Certify Class.  (ECF No. 94.)  The Court granted summary judgment to Defendant on the claims of Plaintiffs Perry, Lane, and Dooling, leaving only the individual claim of Plaintiff Choudhury.  The parties subsequently reached a settlement of Plaintiff Choudhury's claim, and the Court entered a Stipulated Order of Judgment as to the claims of Plaintiffs Perry, Lane, and Dooling on December 10, 2015.  (ECF No. 106.)

3.      On January 4, 2016, Defendant timely submitted a Bill of Costs seeking $804.00 in court fees and $7,792.65 in court reporter costs for depositions and transcripts necessarily obtained for use in this case.  (ECF No. 107.)  In accordance with the Court's Bill of Costs Handbook, Defendant's Bill of Costs included the verifying affidavit contained within the Court's Bill of Costs form (*id.*), an Itemization of Costs (ECF No. 107-1), invoices supporting each of the costs sought (ECF No. 107-1, 107-2), and excerpts of the deposition transcripts

3

that were necessarily submitted with the Court in support of Defendant's Motion for Summary Judgment (ECF No. 107-2).

4. On January 5, 2016, the Taxation Clerk issued a Taxed Bill of Costs denying all costs requested by Defendant. The Taxation Clerk denied the $804.00 in clerk fees requested by Defendant, based principally on the Taxation Clerk's finding that certificates of good standing and attorney applications for admission are not taxable. However, the Bill of Costs Handbook does not preclude taxation of such costs. The Taxation Clerk further denied the $7,792.65 in Court Reporter Fees on the grounds that Defendant did not document how the deposition transcripts were used. However, Defendant's supporting documentation plainly included "[e]xcerpts of the deposition transcripts used in support of a motion" as required under the Bill of Costs Handbook.

5. In an effort to avoid burdening the Court with a request to review the Taxation Clerk's decision, Defendant filed an Amended Bill of Costs on January 7, 2016, prior to expiration of Defendant's deadline to submit a Bill of Costs with the Taxation clerk within 28 days from entry of judgment.

6. The Bill of Costs Handbook requires a party *either* (i) to submit as an exhibit with the Bill of Costs "[e]xcerpts of the deposition transcripts used in support of a motion"; *or* (ii) "[i]f not attached as an exhibit," to "provide the page number of the motion or the brief where the transcript was referenced." (Bill of

4

Costs Handbook, Section II.C, p. 3.) Because Defendant's supporting documents for its Bill of Costs included excerpts of the deposition transcripts previously filed in support of its Motion for Summary Judgment, which included the ECF number and date stamp, Defendant complied with the handbook and was not required to provide the page numbers on which the transcripts were cited. Nevertheless, in an effort to provide the Taxation Clerk with as much information as possible and avoid unnecessary involvement of the Court, Defendant submitted an Amended Itemization of Costs identifying by name and docket number all briefs that Defendant filed with the Court that cite the deposition transcripts, including all page numbers on which the transcripts were cited. (ECF No. 111-1.)

7. On January 8, 2016, the Taxation Clerk issued a Taxed Bill of Costs once again denying the costs requested in Defendant's Amended Bill of Costs. (ECF No. 112.) The Taxation Clerk did not address the additional support that Defendant had submitted in support of the deposition costs requested, but simply noted that Defendant should file a motion with the Court within 7 days of the denial of the original Bill of Costs. The Taxation Clerk in effect declined to review Defendant's Amended Bill of Costs, even though it was filed within 28 days from entry of judgment.

8. As made abundantly clear in Defendant's Amended Itemization of Costs, the transcripts for the depositions identified in Defendant's Bill of Costs

5

were all cited in the Defendant's briefing on its Motion for Summary Judgment and in its opposition to Plaintiffs' Motion for Conditional Certification. The deposition costs were thus necessarily obtained in this matter and are plainly recoverable under Section II.C of the Bill of Costs Handbook.

WHEREFORE, Defendant requests that the Court enter an Order directing the Taxation Clerk to award Defendant costs in the amount $7,792.65 in depositions costs necessarily incurred for use in this case and $804.00 in necessary court fees.

| | |
|---|---|
| DATED: January 12, 2016 | Respectfully submitted, |
| | RANDSTAD GENERAL PARTNER (US) LLC |
| | By:/s/ Gerald L. Maatman, Jr. |
| Jeffrey B. Morganroth | Gerald L. Maatman, Jr. |
| MORGANROTH & MORGANROTH, PLLC | gmaatman@seyfarth.com |
| Attorneys At Law | Jennifer A. Riley |
| 344 North Old Woodward Avenue | jriley@seyfarth.com |
| Suite 200 | SEYFARTH SHAW LLP |
| Birmingham, Michigan 48009-5310 | 131 South Dearborn Street, Suite 2400 |
| (248) 864-4000 (Phone) | Chicago, Illinois 60603 |
| (248) 864-4001 (Fax) | Telephone: (312) 460-5000 |
| JMorganroth@morganrothlaw.com | Facsimile: (312) 460-7000 |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on this 12th of January 2016, he caused the foregoing MOTION TO REVIEW ACTION OF TAXATION CLERK to be filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsel of record, including:

**Barry S. Fagan (P34275)**
**Jennifer L. McManus (P65976)**
DIB AND FAGAN, P.C.
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300 (Phone)
Email: bfagan@dibandfagan.com
Email: jmcmanus@dibandfagan.com

**Robert W. Kelley**
**John J. Uustal**
**Jordan Lewis**
KELLEY UUSTAL
Attorney for Plaintiff
Courthouse Law Plaza
700 S.E. 3rd Avenue, Suite 300
Fort Lauderdale, FL  33316
(954) 522-6601 (Phone)
Email: rwk@kulaw.com
Email: jju@kulaw.com
Email: jml@kulaw.com

          /s/ Gerald L. Maatman, Jr.
          Gerald L. Maatman, Jr.

23935107v.1